**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **OSCAR BELTRAN-VAZQUEZ,** ) | |
| Movant, ) | |
| vs. ) | No. 3:14-CV-3153-N(BH) |
| ) | No. 3:13-CR-0235-N(2) |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED** without prejudice.

**I. BACKGROUND**

Oscar Beltran-Vazquez ("Movant"), an inmate in the federal prison system, filed a *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("2255 Mot.") that was received on September 3, 2014. (doc. 2.) On that date, the Clerk's Office mailed him the form, *Instructions to a Prisoner Pro Se Plaintiff*, which specifically states:

> **2.    Address Change -** You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.

(doc. 1.)

The government's response, filed on December 2, 2014, noted that Movant did not speak English and requested expansion of the record to ensure that the allegations in ground four regarding his attorney's alleged failure to file a notice of appeal were his own before an evidentiary hearing was scheduled. (doc. 10 at 14-17.) On September 20, 2016, the Court issued an order to expand the record under Rule 7 of the Rules Governing Section 2255 Proceedings. (*See* doc. 11.) It ordered Movant to submit a statement under penalty of perjury within thirty (30) days, attesting that he had

read or had explained to him the allegations in ground four of his § 2255 motion and confirming or denying that the allegations were his own truthful allegations, and providing the name of the person who read or explained the allegations in ground four to him. The order warned that failure to comply with the order could result in a formal recommendation that his case be dismissed. (*Id.*)

The order was mailed to Movant at the most recent address he provided. On September 29, 2016, the order was returned as undeliverable with a notation that he had been released. (*See* doc. 12.) The public records for the Bureau of Prisons show that Movant was released on August 20, 2015. *See* http://bop.gov/inmateloc/ (search BOP Register 46723-177). He did not provide a notice of change of address.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The *pro se* prisoner instructions specifically advised Movant that failing to file a change of address could result in dismissal of this action. Because he changed addresses but provided no means for the Court to contact him, he has not shown that he intends to proceed with this action. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, the case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

## III. RECOMMENDATION

The motion for relief under 28 U.S.C. § 2255 should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Movant files a

notice of change of address within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 1st day of November, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE